UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EURO-PRO OPERATING LLC,

       Plaintiff

v.

PLUS ITS CHEAP, LLC,

       Defendant.

CIVIL ACTION NO. 1:13-cv-11760

# COMPLAINT

Plaintiff, Euro-Pro Operating LLC, ("Euro-Pro") for its Complaint against defendant PLUS ITS CHEAP, LLC  ("PIC"), alleges as follows:

## Jurisdiction, Venue and Nature of Action

1. This is an action for patent infringement, trade dress infringement and unfair competition, arising under the laws of the United States, particularly 35 U.S.C. §101 *et. seq.* and 15 U.S.C. § 1051 *et. seq.,* and under the laws of the Commonwealth of Massachusetts.  Euro-Pro seeks injunctive relief against Defendant's continuing production and sale of products that infringe the design patents and trade dress protecting the Euro-Pro Ninja® Master Prep blender and food processor ("Ninja  Blender and Food Processor").  Euro-Pro further seeks monetary damages resulting from  Defendant's infringement of Euro-Pro's intellectual property rights, including but not limited to, actual damages, statutory damages, enhanced damages, Defendant's actual profits, and Euro-Pro's attorneys' fees and costs of suit.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 1338(b), 1367(a) and 15 U.S.C. §1121.

3178735.1

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because the defendant infringed and continue to infringe the subject design patents in this judicial district, committed and continues to commit tortious acts in this judicial district, and a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this judicial district.

### The Parties

4. Plaintiff Euro-Pro is a limited liability company organized under the laws of Delaware having a principal place of business at 180 Wells Avenue, Suite 200, Newton, Massachusetts.

5. PIC a limited liability company organized and existing under the laws of New York having a principal place of business at 25 Robert Pitt Drive, STE 215, Monsey, New York 10952. Euro-Pro is informed and believes that PIC regularly conducts and solicits business in the Commonwealth of Massachusetts.

### Euro-Pro's Design Patents

6. Euro-Pro is the owner by assignment of U.S. Patent No. D622,095 ("the '095 Patent") which claims an ornamental design for a quad blade chopper. The '095 Patent is titled "Quad Blade Chopper" and was duly and legally issued on August 24, 2010. A true copy of the '095 Patent is attached to this Complaint as Exhibit A.

7. Euro-Pro is the owner by assignment of U.S. Patent No. D623,890 ("the '890 Patent") which claims an ornamental design for a quad blade mixer. The '890 Patent is titled "Quad Blade Mixer" and was duly and legally issued on September 21, 2010. A true copy of the '890 Patent is attached to this Complaint as Exhibit B.

8.     Euro-Pro is the owner by assignment of U.S. Patent No. D632,523 ("the '523 Patent") which claims an ornamental design for a head for a mixer. The '523 Patent is titled "Head for A Mixer" and was duly and legally issued on February 15, 2011. A true copy of the '523 Patent is attached to this Complaint as Exhibit C.

### Euro-Pro's Trade Dress Rights

9.     Euro-Pro is a leading provider of small household appliances including kitchen equipment and, relevant to this action, blenders and food processors.

10.    Euro-Pro has invested substantial sums in the development, marketing and promotion of the product trade dress of the Ninja Blender and Food Processor. Euro-Pro has extensively advertised the Ninja Blender and Food Processor through national television campaigns (infomercials), internet advertisements, and print advertisements, attaining widespread consumer recognition. The Ninja Blender and Food Processor has been a tremendous commercial success.

11.    The product trade dress of the Ninja Blender and Food Processor has acquired distinctiveness by secondary meaning due to Euro-Pro's extensive advertising, marketing and sale of the Ninja Blender and Food Processor. Prior to the introduction and sale of the Chefman All-In-One+ Blender, as described in paragraphs 13 to 15 of this Complaint, the product trade dress of the Ninja Blender and Food Processor was unique to Euro-Pro, and includes, without limitation, the following (separately and collectively): the shape and arrangement of the top-mounted power head; the shape and arrangement of the switch on the power head; the two-tone contrasting colors of the switch and the power head; the shape and arrangement of the splash guard for the pitcher and the chopping bowl; the shape and arrangement of the pouring spout of the splash guard for the pitcher; the shape, arrangement and

two-tone coloring of the handle for the pitcher; the position of brand lettering on the power head; the location and shape of the cutting blades; and a kit including a small prep/chopping bowl and associated blades, splash guard and lid, a larger pitcher and associated blades, splash guard and lid, and a power head for fitting onto the respective splash guards and driving the associated blades to prepare or blend a food or beverage.

12. The product trade dress of the Ninja Blender and Food Processor is primarily ornamental, not functional, has acquired distinctiveness by secondary meaning, and constitutes protectable trade dress.

### **Defendant's Knock-Off Blender**

13. Instead of independently developing its own product design, on information and belief, PIC decided to produce a blender ("Chefman Blender") that is substantially identical to the Ninja Blender and Food Processor. The Chefman Blender has the same product configuration, look, feel, and functionality as the Ninja Blender and Food Processor.

14. The identity of appearance between the Ninja Blender and Food Processor and the Chefman Blender is undeniable. Upon information and belief, PIC has deliberately and willfully copied virtually every ornamental and product trade dress feature of the Ninja Blender and Food Processor. A side-by-side comparison of the Ninja Blender and Food Processor and the copycat Chefman Blender is attached to this Complaint as Exhibit D.

15. Upon information and belief, PIC offered and continues to offer the Chefman Blender for sale via the Internet and otherwise, in this judicial district, and throughout the United States. A copy of Defendant's offering for sale of the Chefman Blender on the website of groupon.com is attached to this Complaint as Exhibit E.

## Count-I Design Patent Infringement

16.     Euro-Pro incorporates by reference the allegations in paragraphs 1-15 of the Complaint.

17.     PIC infringed and is presently infringing the '095 Patent, in violation of 35 U.S.C. § 271, either directly, or by contributory infringement and/or by inducement of others to infringe. PIC's infringing acts include, but are not limited to, making, using, selling, offering to sell, and importing products covered by the '095 patent including, but not limited to, the Chefman Blender.

18.     PIC infringed and is presently infringing the '890 Patent, in violation of 35 U.S.C. § 271, either directly, or by contributory infringement and/or by inducement of others to infringe. PIC's infringing acts include, but are not limited to, making, using, selling, offering to sell, and importing products covered by the '890 patent including, but not limited to, the Chefman Blender.

19.     PIC infringed and is presently infringing the '523 Patent, in violation of 35 U.S.C. § 271, either directly, or by contributory infringement and/or by inducement of others to infringe. PIC's infringing acts include, but are not limited to, making, using, selling, offering to sell, and importing products covered by the '523 patent including, but not limited to, the Chefman Blender.

20.     Upon information and belief, PIC sold, made offers to sell, continues to sell, and/or offers to sell, products infringing the '095 Patent, the '890 Patent, and the '523 Patent, throughout the United States and in this judicial district via the Internet and otherwise.

21.      Euro-Pro has been damaged by, and will continue to be damaged by, PIC's infringement for which there is no adequate remedy at law unless enjoined by this Court.

22. Upon information and belief, PIC's infringing products were directly copied from Euro-Pro's Ninja Blender and Food Processor which are covered by the '095 Patent, the '890 Patent and the '523 Patent. Upon further information and belief, PIC's infringement of the '095 Patent, the '890 Patent and the '523 Patent is willful and deliberate. As a result, this Court should determine that this is an exceptional case and award Euro-Pro attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. §285.

### **Count II - Trade Dress Infringement and False Designation of Origin**

23. Euro-Pro incorporates by reference the allegations in paragraphs 1–22 of the Complaint.

24. Euro-Pro has protectable product trade dress in the appearance of the Ninja Blender and Food Processor. Euro-Pro's product trade dress has acquired distinctiveness by secondary meaning due to the extensive advertising, marketing and sale of the Ninja Blender and Food Processor.

25. PIC deliberately copied the product trade dress of the Ninja Blender and Food Processor and incorporated same into the Chefman Blender.

26. PIC's mis-appropriation of the recognized and distinctive trade dress of the Ninja Blender and Food Processor, and its sale, marketing and advertising of the Chefman Blender, constitute trade dress infringement and false designation of origin in violation of the Lanham Act, 15 U.S.C.§ 1125. The product configuration of the Chefman Blender is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of PIC with Euro-Pro, and/or as to the origin, sponsorship, or approval of the Chefman Blender. The product configuration of the Chefman Blender has caused, and will continue to cause, a

substantial portion of the consuming public to be confused, mistaken, and/or deceived as to the affiliation of the Chefman Blender with Euro-Pro, and/or the origin of the Chefman Blender.

27. By reason of PIC's conduct as alleged above, Euro-Pro has suffered, and will continue to suffer, substantial damage to its business reputation and goodwill, as well as diversion of trade and loss of profits in an amount not yet determined. PIC's conduct is in violation of § 43(A) of the Lanham Act, 15 U.S.C. §1125, and Euro-Pro is entitled to monetary damages in an amount as yet undetermined but to be proven at trial.

28. PIC's infringing conduct has harmed and will continue to harm Euro-Pro, causing it irreparable injury for which there is no adequate remedy at law unless enjoined by this Court.

29. PIC's infringing conduct is willful, deliberate, and was undertaken in bad faith. As a result, this Court should determine that this is an exceptional case and award Euro-Pro up to three times its actual damages and its reasonable attorneys' fees pursuant to 15 U.S.C. §1117.

30. Euro-Pro has protectable product trade dress in the appearance of the Ninja Blender and Food Processor. Euro-Pro's product trade dress has acquired distinctiveness by secondary meaning due to the extensive advertising, marketing and sale of the Ninja Blender and Food Processor.

31. PIC deliberately copied the product trade dress of the Ninja Blender and Food Processor and incorporated same into the Chefman Blender.

**Count V -Unfair and Deceptive Trade Practices Under Mass. Gen. L. Ch. 93A**

32. The allegations of Paragraphs 1-31 above are incorporated by reference.

33. PIC is, and was at all relevant times, engaged in commerce in Massachusetts, as set forth above.

34. PIC's acts as described hereinabove constitute unfair and deceptive acts and practices in violation of Mass. Gen. L. Ch. 93A.

35. On information and belief, PIC's unfair and deceptive acts and practices occurred primarily and substantially within Massachusetts.

36. On information and belief, PIC's acts as described hereinabove were willful and knowing.

37. Euro-Pro has been harmed by such actions and are entitled to damages as set forth in Ch. 93A.

## RELIEF REQUESTED

WHEREFORE, plaintiff Euro-Pro prays that this Court:

    a) Preliminarily and permanently enjoin the defendant, and its officers, agents, servants, employees, representatives, and all persons acting in concert or participation with any of them, from further infringing Euro-Pro's design patents;

    b) Preliminarily and permanently enjoin the defendant, and its officers, agents, servants, employees, representatives, and all persons acting in concert or participation with any of them, from infringing Euro-Pro's product trade dress for its Ninja Blender and Food Processor;

    c) Order that defendant's existing infringing blenders, including but not limited to the Chefman Blender, and all tooling, molds, specifications, manufacturing drawings, brochures, catalogues, packaging and other promotional and marketing materials related to the Chefman Blender be delivered to Euro-Pro for destruction;

    d) Award Euro-Pro its damages in accordance with 35 U.S.C. § 284, including actual damages and in no event less than a reasonable royalty;

e) Determine that defendant willfully and deliberately committed acts of patent infringement, find this is an "exceptional case" and award Euro-Pro its attorney fees pursuant to 35 U.S.C. § 285, and treble the damages awarded to Euro-Pro;

f) Award Euro-Pro its actual damages for defendant's infringement of Euro-Pro's trade dress;

g) Award Euro-Pro the defendants' total profits resulting from their infringement of Euro-Pro's trade dress;

h) Determine that defendant willfully and deliberately committed acts of trade dress infringement and unfair competition, and award Euro-Pro treble its actual damages and/or defendants' total profits;

i) Award Euro-Pro its attorneys' fees, costs of suit including expert witness fees, and disbursements; and

j) Award such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Euro-Pro requests a trial by jury on all jury triable issues.

                                        Respectfully submitted,

                                        EURO-PRO OPERATING COMPANY LLC

                                        By its attorneys,

DATED:  July 23, 2013                  /s/Allen S. Rugg
                                                    Jason M. Honeyman (BBO #547165)
                                                    jhoneyman@wolfgreenfield.com
                                                    Allen S. Rugg (BBO #674484)
                                                    arugg@wolfgreenfield.com
                                                    WOLF, GREENFIELD & SACKS, P.C.
                                                    600 Atlantic Avenue
                                                    Boston, Massachusetts  02210-2206
                                                    Phone: (617) 646-8000
                                                    Fax: (617) 646-8646